The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN RAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, a Washington Corporation, and certain unidentified Microsoft Corporation affiliates,<br><br>Defendants. | Case No. CV-06-1720 MJP<br><br>MICROSOFT CORPORATION'S MOTION FOR SUMMARY JUDGMENT<br><br>**NOTE ON MOTION CALENDAR:** June 22, 2007 |

## I. INTRODUCTION

Microsoft Corporation ("Microsoft") moves under Rule 56 for summary judgment dismissing Plaintiff Kevin Ray's Corrected Class Action Complaint ("Complaint" or "Compl.").[1] The thrust of Mr. Ray's Complaint is that Microsoft issued a software update for the Xbox 360 video game console via its Xbox Live service on October 31, 2006, allegedly causing some consoles to malfunction. Compl. ¶ 20. According to Mr. Ray, his Xbox 360

---

[1] Plaintiff filed his original Class Action Complaint on November 29, 2006, and a Corrected Class Action Complaint on May 24, 2007. The only changes were to correct the misspelling of a name and to change two sentences in Paragraph 19. Paragraph 19 originally read "Microsoft is charging users up to $140 to ship an Xbox back to Microsoft to repair. This cost of shipping is in excess of 35% of the suggested retail price of an Xbox 360 Premium Package and in excess of 46% of the suggested retail price of an Xbox 360 Core System." It now reads "Microsoft is charging users up to $140 for repair or replacement of an Xbox 360. This cost of repair is in excess of 35% of the suggested retail price of an Xbox 360 Premium Package and in excess of 46% of the suggested retail price of an Xbox 360 Core System."

MICROSOFT'S MOTION FOR SUMMARY JUDGMENT
(CV-06-1720) — 1
SEA 2022600v1 0025936-000664

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

console stopped functioning after he installed the update. Compl. ¶ 20. Plaintiff alleges that he suffered harm because Microsoft "refused to repair or replace Plaintiff's Xbox 360 unless he pays for shipping back to Microsoft." Compl. ¶ 20. He sued Microsoft for (1) breach of contract, (2) violation of the Washington Consumer Protection Act, RCW 19.86.090, and (3) negligence.

Microsoft moves for summary judgment because the record contains undisputed evidence that Mr. Ray suffered no damage. After filing his lawsuit, Mr. Ray called a Microsoft customer service agent and received not only a free replacement of his Xbox 360 console under the terms of his warranty but free shipping in both directions. Accordingly, Microsoft respectfully moves the Court to enter summary judgment in its favor dismissing Mr. Ray's Complaint.

## II. FACTUAL BACKGROUND

### A. The October Update.

Microsoft makes the Xbox 360 console. Compl. ¶ 9; Defendant Microsoft Corporation's Answer to Complaint ("Ans.") ¶ 9. Xbox 360 users have access to Xbox Live, a Microsoft service that allows users to connect their consoles to the Internet and play games with others online. Compl. ¶ 10; Ans. ¶ 10. Microsoft delivers occasional software updates to the Xbox 360 console via Xbox Live. Compl. ¶ 11; Ans. ¶ 11. On October 31, 2006, Microsoft issued an update for the Xbox 360 via Xbox Live (the "October Update"). Compl. ¶ 12; Ans. ¶ 12.

Plaintiff owns an Xbox 360 console. Compl. ¶ 2. Mr. Ray alleges that he downloaded the October Update on November 1, 2006. Compl. ¶ 20. He alleges that his console became "completely non-functional" after he installed the October Update. Compl. ¶ 20.

### B. The Xbox 360 Warranty

Under the written express warranty governing every Xbox 360 console sold in the United States before December 22, 2006, "Microsoft warrant[ed] . . . that under normal use

MICROSOFT'S MOTION FOR SUMMARY JUDGMENT
(CV-06-1720) — 2
SEA 2022600v1 0025936-000664

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

and service the Xbox Product will substantially conform with the accompanying printed user instruction materials for a period of 90 days starting as of the date of your sales receipt (the 'Warranty Period')." Microsoft Xbox Warranty § A, Declaration of Jose Garcia ("Garcia Decl.") ¶ 3, Ex. A.

If the console malfunctioned within 90 days, Microsoft had the option to repair or replace the console, or provide a refund. *See* Microsoft Xbox Warranty § C, Garcia Decl. ¶ 3, Ex. A ("During the Warranty Period . . . Microsoft will, at its option and as your exclusive remedy for breach of this Limited Warranty or any implied warranties . . . repair or replace a defective Xbox Product, or . . . make payment to you for the allowable damages that you incur in reasonable reliance but only up to the amount of the purchase price that you paid for your Xbox Product."). The customer bore the cost of shipping: "costs associated with transport (including packaging) for warranty service shall be at your expense." Microsoft Xbox Warranty § B.2., Garcia Decl. ¶ 3, Ex. A.

**C.     The Amended Xbox 360 Warranty**

On December 22, 2006, Microsoft issued an amended warranty. *See* Amended Microsoft Xbox Warranty § A, Garcia Decl. ¶ 4 & Ex. B. Under the amended warranty, Microsoft extended the Xbox 360 warranty from 90 days to one year throughout the United States. Amended Microsoft Xbox Warranty § A, Garcia Decl. ¶ 4 & Ex. B.

Effective on that same day, Microsoft made an internal decision to bear the cost of shipping Xbox 360 consoles requiring warranty service to and from its repair facility. Garcia Decl. ¶ 5. While Microsoft did not contractually commit itself to continue the policy by amending the warranty's shipping provision, it began following the policy for all U.S. owners (whose Xbox 360 consoles are covered by the one-year warranty) on December 22, 2006, and continues to follow it today. Garcia Decl. ¶¶ 6, 7.

MICROSOFT'S MOTION FOR SUMMARY JUDGMENT
(CV-06-1720) — 3
SEA 2022600v1 0025936-000664

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

### D. Plaintiff Received a Functioning Xbox 360 Console under the Amended Warranty at No Cost.

Microsoft's customer service records establish that Mr. Ray received a functioning Xbox 360 console under the amended warranty at no cost. Microsoft's customer service records show that on November 2, 2006, Mr. Ray called Microsoft's customer support center. Customer service agent Ryan Garcia received the call and reported that Mr. Ray's "screen freezes" and that his console displays "three red lights." *See* Declaration of Jamileh Delcambre in Support of Microsoft Corporation's Motion for Summary Judgment ("Delcambre Decl.") at ¶ 9 & Ex. A. Customer service agent Garcia recorded the troubleshooting steps that she walked Mr. Ray through, and ended the call with a note that "customer will callback if problems persists [sic] without the harddrive [sic]." *Id.*

Microsoft's customer service records show that on January 10, 2007, Plaintiff called Microsoft again, after Microsoft announced the new one-year warranty. *See* Delcambre Decl. ¶ 11 & Ex. B; Declaration of Patrick King ("King Decl.") ¶ 6 & Ex. A. On that date, the customer service agent who received Plaintiff's call created a repair order. Delcambre Decl. ¶ 14 & Ex. B.

The next day, Microsoft shipped a box with prepaid postage to Mr. Ray to use to send his Xbox 360 console back to Microsoft for repair. Delcambre Decl. ¶¶ 15-16. On January 26, 2007, Microsoft received Mr. Ray's Xbox 360 console at its repair facility. *Id.* ¶ 17. On January 28, 2007, a replacement console was shipped back to him. *Id.* ¶ 18.[2] Microsoft did not charge Mr. Ray any money for replacing or shipping his Xbox 360 console. *Id.* He has not contacted Microsoft with any further complaint. *Id.* ¶ 9.

---

[2] Attached as Exhibits C and D to the Delcambre Declaration are tracking summaries from UPS confirming that UPS delivered a box to Plaintiff on January 16, 2007 and that the replacement console was returned to Plaintiff on January 31, 2007.

MICROSOFT'S MOTION FOR SUMMARY JUDGMENT
(CV-06-1720) — 4

SEA 2022600v1 0025936-000664

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

## III. ARGUMENT

### A. Summary Judgment Standard

The Court should grant summary judgment if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact." *Kassa v. Selland Auto Transport, Inc.*, No. C05-1304P, 2006 WL 2559865, *2 (W.D. Wash. Aug. 31, 2006) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970)). Once the moving party meets its burden, the burden shifts to the party opposing summary judgment to show the existence of a genuine issue of material fact. *Kassa*, 2006 WL 2559865 at *2 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof," the moving party is entitled to summary judgment. *Bouffiou v. City of Poulsbo*, No. C05-5718RJB, 2006 WL 3147396, *1 (W.D. Wash. Oct. 31, 2006) (quoting *Celotex Corp.*, 477 U.S. at 318).

### B. The Court Should Enter Summary Judgment on Plaintiff's Breach of Contract Claim Because Microsoft Performed under the Warranty And Plaintiff Cannot Establish That He Suffered Any Damage.

"A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *NW Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712-13, 899 P.2d 6, 9 (1995). Thus, to establish a claim for breach of contract, Plaintiff must show that (1) Microsoft owed Plaintiff a duty under the Xbox Live Terms of Use, (2) Microsoft breached that duty, and (3) he suffered damage as a result. If the record establishes that Plaintiff received the benefits to which he was entitled, summary judgment should be granted. *See, e.g., Zander v. New Hampshire Ind. Co.*, No. C05-5154 FDB, 2006 WL 2243035 (W.D. Wash. July 26, 2006).[3]

---

[3] The Terms of Use also limit Plaintiff's remedies, a limitation that Plaintiff attacks in his Complaint. Compl. ¶¶ 24-24. Although Microsoft believes those terms are enforceable, the Court need not reach that issue on this motion because Microsoft provided a complete remedy under the Xbox 360 Limited Warranty.

MICROSOFT'S MOTION FOR SUMMARY JUDGMENT
(CV-06-1720) — 5

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

*Zander* is on point. In *Zander*, the plaintiff was involved in an automobile accident that damaged her car and injured her. Plaintiff reported the accident to her insurance carrier and also reported that she sustained injuries for which she would seek medical treatment. 2006 WL 2243035 at *1. The evidence established that plaintiff submitted various claims to her insurance carrier and that, despite alleged delays, she eventually received the benefits to which she was contractually entitled. *Id*.

Nonetheless, plaintiff sued her insurance carrier for, *inter alia*, breach of contract. According to plaintiff, her insurance carrier failed to "fully investigate and adequately pay" her medical benefits claim. 2006 WL 2243035 at *4. The insurer moved for summary judgment on plaintiff's contract claim on grounds that the evidence showed that Plaintiff received everything to which she was entitled. *Id*. The court agreed and entered summary judgment dismissing plaintiff's contract claim: "[t]here is no evidence to support this claim. To the contrary, it is undisputed that [plaintiff] received the [medical] benefits she was contractually entitled." *Id*. at *4.

The Court should reach the same conclusion here. Like the plaintiff in *Zander*, Mr. Ray suffered no damage. As a remedy for the vaguely-alleged breach of contract, Plaintiff's Complaint asks the Court to direct Microsoft to "repair or replace all Xbox 360s damaged by the Fall 2006 Update free of any charge including shipping." Compl. ¶ 28. But Plaintiff already obtained *precisely* that relief. Under the amended one-year warranty that governs his Xbox 360 console, Plaintiff received a fully functioning Xbox 360 console at no cost. Delcambre Decl. ¶¶ 15, 17; Garcia Decl. ¶¶ 4, 5. Further, Microsoft bore the cost of shipping his Xbox 360 console to and from its repair facility, just as it does with every Xbox 360 console covered by the one-year warranty.[4] Delcambre Decl. ¶ 16; Garcia Decl. ¶¶ 4-6.

---

[4] Plaintiff has no basis to assert that Microsoft is trying to "pick him off" by satisfying his contract claim to get him to abandon the proposed class members. As the Garcia Declaration makes clear, what is available to Plaintiff under the revised warranty is equally available to every owner of an Xbox 360 console in the United States, including every proposed class member who experiences a similar problem with his or her console. Indeed, because the Xbox 360 console was released in the United States on November 22, 2005, King Decl. ¶ 3,

MICROSOFT'S MOTION FOR SUMMARY JUDGMENT
(CV-06-1720) — 6

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

Accordingly, because Plaintiff suffered no damage (and already obtained the relief he requests), the Court should dismiss his breach of contract claim.

### C. The Court Should Enter Summary Judgment on Plaintiff's Consumer Protection Act Claim Because He Cannot Establish That He Suffered Any Damage.

To prevail on his claim under the Washington Consumer Protection Act, RCW 19.86.020 ("CPA"), Plaintiff must prove: (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to him in his business or property, and (5) which injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531, 532-33 (1986); *Rizzuti v. Basin Travel Service of Othello, Inc.*, 125 Wn. App. 602, 621, 105 P.3d 1012, 1022 (2005).

Mr. Ray's CPA claim should be dismissed for the same reason the Court should dismiss his contract claim: he suffered no harm. In *Zander*, the court dismissed plaintiff's CPA claim because the plaintiff failed to present evidence of any cognizable injury: "injury is a requisite element of all of Ms. Zander's claims. Plaintiff has failed to establish a causal relationship to any compensable injury." 2006 WL 2243035, at *4.

Here, Mr. Ray received, under the terms of his amended warranty, a fully functioning Xbox 360 console at no cost. The only purported damage he alleges in his Complaint is that "Microsoft has refused to repair or replace Plaintiff's Xbox 360 unless he pays for shipping back to Microsoft." Compl. ¶ 20. The evidence makes clear, however, that Microsoft bore the cost of shipping Plaintiff's Xbox 360 console to and from its repair facility, just as it does for every Xbox 360 owner with a warranty repair. Garcia Decl. ¶¶ 4-6.

---

and because the October Update was released on October 31, 2006, Compl. ¶ 12; Ans. ¶ 12, the amended one-year warranty would cover virtually every Xbox 360 console that malfunctioned following the installation of the October Update. It is only where a defendant treats a named plaintiff favorably, in a manner unavailable to the proposed class members, that courts have held the satisfaction of the named plaintiff's claims improper. *See, e.g.*, *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, No. 01 Civ. 5661(DC), 2005 WL 774281, at *2 (S.D.N.Y. Apr. 5, 2005).

MICROSOFT'S MOTION FOR SUMMARY JUDGMENT
(CV-06-1720) — 7
SEA 2022600v1 0025936-000664

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

Even if Mr. Ray had suffered an injury, his CPA claim should be dismissed nevertheless because the acts alleged are neither "unfair" nor "deceptive." Washington courts have held that the CPA applies "[o]nly [to] acts that have the capacity to deceive." *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wn. App. 732, 743, 935 P.2d 628, 635 (1997); *Hangman Ridge*, 105 Wn.2d at 783 (plaintiff must show "alleged act had the capacity to deceive…. The purpose of the capacity-to-deceive test is to deter deceptive conduct before injury occurs."). Similarly, "unfair" acts are the types of acts that are "immoral, unethical, oppressive, or unscrupulous." *Blake v. Federal Way Cycle Center*, 40 Wn. App. 302, 310, 698 P.2d 578, 583 (1985). But not every breach of contract or instance of negligence rises to the level of an unfair or deceptive act. *Blake*, 40 Wn. App. at 311-12; *Harrison v. Whitt*, 40 Wn. App. 175, 180, 698 P.2d 87, 90 (1985).

Here, Mr. Ray alleges only that Microsoft issued an update through its Xbox Live service, causing some Xbox consoles to malfunction. Compl. ¶¶ 12-15. He does not allege (nor could he) any conduct by Microsoft that had the capacity to deceive users of Xbox Live or that amounted to immoral, unethical, oppressive, or unscrupulous activity; instead, he claims only that some Xbox 360 consoles needed repair after downloading the October Update. In short, Plaintiff fails to allege "deceptive" or "unfair" conduct.

**D. The Court Should Enter Summary Judgment on Plaintiff's Negligence Claim Because a Contract Governs His Claim and Because He Cannot Establish That He Suffered Any Damage.**

Mr. Ray alleges that if "Defendants contend that there is no agreement with the Class, Defendants are liable to Plaintiff and the Class for their negligence in releasing the Fall 2006 Update." Compl. ¶ 35. He recognizes that, due to the express warranty, his negligence claim is barred by the economic loss rule, which precludes causes of action sounding in negligence to recover economic losses that arise from a contractual relationship. *Berschauer/Phillips Const. Co. v. Seattle School Dist. No. 1*, 124 Wn.2d 816, 821-22, 881 P.2d 986 (1994). The

MICROSOFT'S MOTION FOR SUMMARY JUDGMENT
(CV-06-1720) — 8
SEA 2022600v1 0025936-000664

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

Court should dismiss Plaintiff's negligence claim as his claims are governed by a contract – the written and amended Xbox 360 Limited Warranty.

The Court also should dismiss Plaintiff's negligence claim for the same reason it should dismiss his contract and CPA claims: Plaintiff has suffered no harm. *Zander*, 2006 WL 2243035, at *4 (dismissing plaintiff's negligence claim where she was compensated for her loss and, therefore, "failed to establish a causal relationship to any compensable injury").

Mr. Ray's cause of action for negligence requires him to establish four elements: (1) the existence of a duty owed; (2) breach of that duty; (3) injury resulting from that breach; and (4) a proximate cause between the breach and the injury. *Zander*, 2006 WL 2243035, at *4 (citing *Tincani v. Inland Empire Zoological Soc.*, 124 Wn.2d 121, 127-28, 875 P.2d 621, 624-25 (1994)). Here, the evidence makes clear that Plaintiff received a working Xbox 360 console under the terms of his warranty at no cost. Delcambre Decl. ¶¶ 14-22. Further, Microsoft bore the cost of shipping to and from its repair facility. In short, Plaintiff suffered no harm. Delcambre Decl. ¶ 16; Garcia Decl. ¶ 6.

MICROSOFT'S MOTION FOR SUMMARY JUDGMENT
(CV-06-1720) — 9
SEA 2022600v1 0025936-000664

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

# IV. CONCLUSION

For the reasons stated above, Microsoft respectfully requests that the Court enter summary judgment in Microsoft's favor and dismiss with prejudice all claims asserted in Plaintiff's Complaint, as amended on May 24, 2007.

Respectfully submitted this 25th day of May, 2007.

            Davis Wright Tremaine LLP
            Attorneys for Defendant
            Microsoft Corporation

            By */s/Stephen M. Rummage*
            Stephen M. Rummage, WSBA #11168
            Cassandra Kinkead, WSBA #22845
            2600 Century Square
            1501 Fourth Avenue
            Seattle, WA 98101-1688
            Telephone: (206) 628-2755
            Fax: (206) 628-7699

            E-mail: steverummage@dwt.com
                 cassikinkead@dwt.com

            *Of Counsel*

            Charles B. Casper
            John G. Papianou
            Montgomery, McCracken, Walker & Rhoads, LLP
            123 South Broad Street, 24th Floor
            Philadelphia, PA 19109-1029
            Phone: (215) 772-1500
            Fax: (215) 772-7620
            E-Mail: ccasper@mmwr.com
                 jpapianou@mmwr.com
            Attorneys for Defendant
            MICROSOFT CORPORATION

MICROSOFT'S MOTION FOR SUMMARY JUDGMENT
(CV-06-1720) — 10
SEA 2022600v1 0025936-000664

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

# CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2007, I presented Defendant Microsoft Corporation's Motion for Summary Judgment, along with the Declarations of Jamileh Delcambre, Jose Garcia and Patrick King, to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following persons:

| | |
|---|---|
| Amy C. Williams-Derry: | awilliams-derry@kellerrohrback.com |
| Juli E. Farris Desper | jdesper@kellerrohrback.com |
| Mark A. Griffin: | mgriffin@kellerrohrback.com |
| Darren T. Kaplan | dkaplan@chitwoodlaw.com,dktplan@verizon.net |
| Richard L. Kellner | rlk@kbklawyers.com, wkteachmom@pacbell.net |

DATED this 25th day of May, 2007.

Davis Wright Tremaine LLP
Attorneys for Defendants

By */s/ Stephen M. Rummage*
Stephen M. Rummage, WSBA #11168
Davis Wright Tremaine LLP
2600 Century Square
1501 Fourth Avenue
Seattle, WA  98101-1688
Telephone:  (206) 628-7755
Fax:  (206) 628-7699
E-mail:  steverummage@dwt.com

MICROSOFT'S MOTION FOR SUMMARY JUDGMENT
(CV-06-1720) — 11
SEA 2022600v1 0025936-000664